J. A15041/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
BRIAN MAURICE CUNNINGHAM, : No. 1773 MDA 2017
:
Appellant :


Appeal from the PCRA Order, October 27, 2017,
in the Court of Common Pleas of Dauphin County
Criminal Division at No. CP-22-CR-0003140-2010


BEFORE:  PANELLA, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED AUGUST 03, 2018**

Brian Maurice Cunningham appeals from the October 27, 2017 order denying his petitions for relief filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The relevant facts of this case were set forth in a prior opinion of this court on direct appeal and need not be reiterated here.  ***See Commonwealth v. Cunningham***, 55 A.3d 123 (Pa.Super. 2012) (unpublished memorandum at 1-2, quoting trial court opinion, 11/16/11 at 2), ***appeal denied***, 56 A.3d 396 (Pa. 2012).  The PCRA court set forth the relevant procedural history of this case as follows:

> On June 22, 2011, a jury found [appellant] guilty of the charges of Robbery, Burglary, Conspiracy, Aggravated Assault, and Unlawful Restraint.[1]   On

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1), 3502(a), 903, 2702, and 2902, respectively.

August 23, 2011, [appellant] was sentenced to an aggregate period of 13 to 26 years in a state correctional institution, plus fines, costs and restitution. [Appellant] was represented by Allen Welch, Esquire [(hereinafter, "trial counsel")] at the trial of this matter.

On September 22, 2011, a Notice of Appeal was filed on [appellant's] behalf by Bryan DePowell, Esquire [(hereinafter, "appellate counsel")]. [Appellant's] judgment of sentence was affirmed on July 2, 2012, and the Supreme Court denied [appellant's] Petition for Allowance of Appeal on [October 31], 2012. [**See id.**] Thereafter, on March 26, 2013, [appellant] filed a **pro se** [PCRA] Petition[.] On April 2, 2013, this Court appointed Jennifer Tobias, Esquire to represent [appellant] in his PCRA petition.

Attorney Tobias filed an Amended PCRA Petition on behalf of [appellant] on June 17, 2013, requesting relief based on several allegations of ineffectiveness of counsel. Attorney Tobias later filed an Amended PCRA Petition on January 30, 2015 to add a claim that [appellant] was sentenced illegally under the mandatory minimum statute. A Hearing was subsequently held on April 21, 2015, at which testimony was heard regarding [appellant's] claims for ineffective assistance of counsel. On June 12, 2017, Attorney Tobias filed a second Amended PCRA Petition to add a claim that trial counsel was ineffective for failing to file for a suppression hearing to attempt [to] suppress the victim's testimony at trial.

PCRA court opinion, 10/27/17 at 1-2.

As noted, the PCRA court entered an opinion and order on October 27, 2017, denying appellant's PCRA petition. This timely appeal followed on November 17, 2017. On November 21, 2017, the PCRA court directed appellant to file a concise statement of errors complained of on appeal, in

accordance with Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on December 11, 2017. On December 13, 2017, the PCRA court filed a one-paragraph Rule 1925(a) opinion indicating that it was relying on its rationale set forth in its prior October 27, 2017 opinion.

Appellant raises a litany of ineffectiveness claims for our review:

1.  WHETHER COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A SUPPRESSION MOTION REGARDING THE ALLEGED VICTIM'S TESTIMONY?

2.  WHETHER COUNSEL WAS INEFFECTIVE FOR FAILING TO CALL AN EXPERT WITNESS TO DISPUTE IN[-] COURT IDENTIFICATION OF THE APPELLANT?

3.  WHETHER COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST A MISTRIAL AFTER IDENTIFICATION BY THE VICTIM?

4.  WHETHER COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTIGATE AND INTERVIEW WITNESSES, INCLUDING AN ALIBI WITNESS?

5.  WHETHER COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTIGATE THE CASE AND ADEQUATELY PREPARE FOR TRIAL?

6.  WHETHER THERE WAS PROSECUTORIAL MISCONDUCT DURING TRIAL WHEN THE COMMONWEALTH BRIBED THEIR WITNESS TO TESTIFY?

7.  WHETHER APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO PROVIDE A SUPPORTING RECORD ON APPEAL?

8.  WHETHER THE APPELLANT WAS SENTENCED ILLEGALLY?

Appellant's brief at 8.[2]

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Patterson***, 143 A.3d 394, 397 (Pa.Super. 2016) (citation omitted). In order to be eligible for PCRA relief, a defendant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). Further, these issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3).

We begin by addressing appellant's claim that "[t]here was prosecutorial misconduct when the Commonwealth bribed their witness[, Xiomara Rivera,] to testify against [him]." (Appellant's brief at 22.) Appellant acknowledges that he failed to raise this claim in his initial PCRA petition or any amendment thereto but argues he is entitled to relief because it was referenced during the April 21, 2015 evidentiary hearing. (***Id.***) We disagree. Under the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before

---

[2] For the purposes of our review, we have elected to address appellant's claims in a different order than presented in his appellate brief.

trial, at trial, during unitary review, on appeal[,] or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Accordingly, because appellant failed to raise this issue on direct appeal, he is not entitled to relief on this claim. *See*, *e.g.*, *Commonwealth v. Ford*, 809 A.2d 325, 329 (Pa. 2002) (holding that petitioner's claims of trial court error, constitutional error, and prosecutorial misconduct, which could have been raised on direct appeal but were not, were waived under the PCRA), *certiorari denied*, 540 U.S. 1150 (2004).

Appellant also argues that his judgment of sentence of 13 to 26 years' imprisonment imposed pursuant to the mandatory minimum sentencing statute, 42 Pa.C.S.A. § 9712, violated the Supreme Court's mandate in *Alleyne v. United States*, 570 U.S. 99 (2013).[3] (Appellant's brief at 24.) In support of this contention, appellant cites *Commonwealth v. Newman*, 99 A.3d 86, 103 (Pa.Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015), wherein this court found that *Alleyne* renders the mandatory minimum sentencing provision set forth in Section 9712.1[4] unconstitutional. (Appellant's brief at 24-25.) Contrary to appellant's contention, courts in this Commonwealth have recognized that *Alleyne* and its progeny do not apply

---

[3] In *Alleyne*, the Supreme Court held that the Sixth Amendment requires that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 570 U.S. at 103 (citation omitted).

[4] Section 9712.1 concerns sentences for certain drug offenses committed with firearms.

retroactively to cases on collateral review. *See Commonwealth v. Washington*, 142 A.3d 810, 814-815 (Pa. 2016) (holding that the *Alleyne* decision does not apply retroactively to collateral attacks upon mandatory minimum sentences advanced in PCRA proceedings); *see also Commonwealth v. Riggle*, 119 A.3d 1058, 1064 (Pa.Super. 2015) (stating that, "while this Court has held that *Alleyne* applies retroactively on direct appeal, we have declined to construe that decision as applying retroactively to cases during PCRA review"). Accordingly, appellant's sentencing claims fails.

Appellant's remaining six claims concern the ineffectiveness of his trial and appellate counsel. To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically, a petitioner must establish the following three factors: "first[,] the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that [a]ppellant was prejudiced." *Commonwealth v. Charleston*, 94 A.3d 1012, 1020 (Pa.Super. 2014), *appeal denied*, 104 A.3d 523 (Pa. 2014) (citation omitted). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Commonwealth v. Ousley*, 21 A.3d

1238, 1242 (Pa.Super. 2011) (citation omitted), ***appeal denied***, 30 A.3d 487 (Pa. 2011).

Appellant first argues that trial counsel was ineffective in failing to file a motion to suppress the victim's testimony. (Appellant's brief at 13.) The record reflects that appellant failed to include this specific allegation of trial counsel's ineffectiveness in his court-ordered Rule 1925(b) statement. Likewise, appellant's contention that "[a]ppellate counsel was ineffective for failing to provide a supporting record on appeal" was also absent from the Rule 1925(b) statement. (***Id.*** at 23.) Accordingly, these claims are waived. ***See Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011) (stating, "[a]ny issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms[.]" (citation omitted)).

Appellant next argues that trial counsel "was ineffective for failing to call an expert witness at trial to dispute the in[-]court identification of [appellant]" by the victim. (Appellant's brief at 14.) This claim is meritless. As recognized by the PCRA court, at the time of appellant's jury trial in June 2011, "expert testimony regarding witness identification was prohibited, as it intruded upon the jury's basic function of determining credibility." (PCRA court opinion, 10/27/17 at 3, citing ***Commonwealth v. Walker***, 92 A.3d 766 (Pa. 2014).) It is well settled that trial counsel cannot be found ineffective for failing to raise or pursue meritless claims. ***See Commonwealth v. Freeland***, 106

A.3d 768, 778 (Pa.Super. 2014) (stating, "it is axiomatic that [trial] counsel will not be considered ineffective for failing to pursue meritless claims." (citation omitted)). Accordingly, this ineffectiveness claim fails.

In a related claim, appellant further argues that trial counsel was ineffective for failing to request a mistrial after the victim identified him at trial. (Appellant's brief at 16.) For the following reasons, we disagree.

A motion for mistrial is a matter addressed to the discretion of the court, and "[a] trial court need only grant a mistrial where the alleged prejudicial event may reasonably be said to have deprived the moving party of a fair and impartial trial." *Commonwealth v. McCamey*, 154 A.3d 352, 355 (Pa.Super. 2017) (citations omitted).

Here, trial counsel testified at the April 21, 2015 hearing that he had no reasonable basis to request a mistrial in this case:

> Q. Did you feel just, listening to the testimony, that it was something that you could have done to better represent [appellant], request a mistrial?
>
> A. I don't believe that a mistrial would have changed anything. I don't believe I would have been granted a mistrial. And as has been noted, there was -- there was no legal right to have an expert to challenge the identification process at that time. The -- I thought the victim has been tentative, had been impeached sufficiently. I felt we had done everything that we could do with that identification issue. And I didn't see anything to gain by asking for a mistrial, which I wouldn't have gotten anyway.

Notes of testimony, 4/21/15 at 68.

The PCRA court, in turn, addressed this this claim in its October 27, 2017 opinion and concluded that appellant did not suffer any prejudice by trial counsel's inaction. Specifically, the trial court reasoned as follows:

> [T]here is no evidence that [appellant] suffered prejudice as a result of his counsel's failure to request a mistrial. At the original trial, [trial counsel] immediately objected to the identification testimony and requested that it be stricken. A discussion was held at sidebar, and the Court denied [trial counsel's] Motion to Strike the testimony, determining that the identification could be tested by cross-examination. Given this Court's denial of the Motion to Strike, this Court also would have denied any request for a mistrial. "A trial court need only grant a mistrial where the alleged prejudicial event may reasonably be said to have deprived the moving party of a fair and impartial trial." [**Commonwealth**] **v. Tharp**, [] 830 A.2d 519, 532-533 (Pa. 2003)[, **certiorari denied**, 541 U.S. 1045 (2004).] Since a mistrial would not have been granted, [appellant] suffered no prejudice as a result of his trial counsel's failure to request same.

PCRA court opinion, 10/27/17 at 4.

Following our careful consideration, we find that trial counsel's and the PCRA court's conclusions are supported by competent evidence. As appellant has failed to satisfy both the reasonable basis and prejudice prongs of the ineffectiveness test, his claim warrants no relief. **See Charleston**, 94 A.3d at 1020.

Appellant's final two claims concern trial counsel's purported ineffectiveness for failing to properly investigate this case or "adequately prepare for trial." (Appellant's brief at 21.) Specifically, the crux of appellant's

argument is that trial counsel "was ineffective for failing to investigate and interview witnesses, including an alibi witness[, Karielis Colon.]" (*Id.* at 18-21.) We disagree.

A claim that counsel was ineffective for failing to investigate potential witnesses or call them to testify at trial requires a petitioner to establish that:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Matias*, 63 A.3d 807, 810-811 (Pa.Super. 2013) (*en banc*) (citation omitted), *appeal denied*, 74 A.3d 1030 (Pa. 2013).

Here, the record reflects that trial counsel testified at great length at the April 21, 2015 hearing on his general strategy with regard to presenting alibi witnesses:

> It varies by what's being presented to me. If somebody looks at me and says I have alibi witnesses and here they are, and they're listing two or three alibi witnesses, I'm gonna look at it a little more conscientiously than when somebody tells me that their girlfriend or their wife can act as an alibi for where they were two or three years before.
>
> If you -- it's a difference. But you find out what it is the witness is going to say. Then you have to make a determination in your own mind of whether or not based on your experience that's something that might fly with the jury.

> I've had very good success with alibi witnesses when people can come in and give me, say, four people who could testify as to what they were doing at 9:15 on Thursday night, December 23rd, because on that particular night they were all together at grandmother's birthday party or at some specific family event.
>
> Alibi witnesses can be real good if you're talking about a 4th of July family reunion or something, or when you've been on a vacation together, something like this. Because when you have those things, there's a reason for the person to have that date in their mind and a reason to have that event in their mind.
>
> When somebody comes in and just says he couldn't have done it, he was with me two years ago, and when they haven't said anything throughout that period of time to anybody at all until well after the period of credibility is passed, I think it's less likely that that's going to be acceptable to a jury.

Notes of testimony, 4/21/15 at 74-75. Trial counsel further noted that in preparing a defense for a client, his general practice is to "review discovery, study discovery, [and] get ready to go to trial." (*Id.* at 74.)

Trial counsel testified that he did not specifically recall speaking with either appellant or Colon regarding Colon's willingness to testify as an alibi witness and denied ignoring Colon's repeated attempts to contact him via text message. (*Id.* at 69-70, 76-77.) Trial counsel further opined that it was his belief "that what was being said by the witnesses in those police reports was sufficient to make the case triable," and in any event, he would have forgone

calling Colon as an alibi witness given the concerns he had with her credibility. (**Id.** at 70, 76.)

> Q. So you were indicating right now that if you had talked to [Colon] you probably would have not have put her on the stand based on --
>
> A. Based on what I've heard here today. Because the experience that we have is you put the witness on the stand, they testify, and then it's specific -- more specifics that the prosecution wants to hear. What were you doing with him? Who was --
>
> . . . .
>
> A. So there's a good bit of time that has passed, and it's always been my belief that offering an alibi witness who's deemed to be incredible by a jury is a major mistake. If they don't believe that witness, now they start to believe not only might the person be guilty but person is taking the steps to have loved ones come in to fabricate stories. And from a juror's point of view, that well might be where they end up accepting anything that you're offering. So I tend not to do that.

*Id.* at 72-73.

"[G]enerally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests." **Commonwealth v. Koehler**, 36 A.3d 121, 132 (Pa. 2012). "If counsel's chosen course had some reasonable basis, the inquiry ends and counsel's assistance is deemed effective." **Commonwealth v. Williams**, 899 A.2d 1060, 1064 (Pa. 2006). Based on the foregoing, we find

that trial counsel had a reasonable strategic basis for electing not to call Colon as an alibi witness and appellant was not prejudiced by her failure to testify. Accordingly, appellant has failed to satisfy the second and third prongs of the ineffectiveness test, and his claim must fail. **See Charleston**, 94 A.3d at 1020.

More importantly, the record reflects that Colon testified at length at the April 21, 2015 evidentiary hearing, and the PCRA court specifically found her testimony to be not credible. (**See** PCRA court opinion, 10/27/17 at 5-6.)

For all the foregoing reasons, we affirm the October 27, 2017 order of the PCRA court.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/03/2018

- 13 -